# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LEROY ETSITTY,

    Plaintiff,

  v.                                                                      No. CIV 09-0641 MCA/DJS

STATE OF NEW MEXICO
CORRECTIONS DEPT.
LT GLANTON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was prevented from exercising his religion, in violation

of the American Indian Religious Freedom Act, 42 U.S.C. § 1996. Specifically, Defendants closed a sweat lodge and confiscated ritual tobacco. Plaintiff also alleges that he was subjected to unwarranted strip search. The complaint seeks damages.

No relief is available on Plaintiff's claims against Defendant State of New Mexico Corrections Department. As stated by the Court of Appeals for the Tenth Circuit,

> A cause of action under section 1983 requires the deprivation of a civil right by a "person" acting under color of state law. . . . As we explained in *Harris* [*v. Champion*, 51 F.3d 901 (10th Cir. 1995)], "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes. Having sued only the [Department] . . . , [Plaintiff] has failed to state a claim against a person covered by section 1983.

*McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). "In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)). The court will dismiss Plaintiff's claims against Defendant New Mexico Corrections Dept.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant State of New Mexico Corrections Dept. are DISMISSED with prejudice, and Defendant State of New Mexico Corrections Dept. is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Glanton.

_____
UNITED STATES DISTRICT JUDGE