IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEROY ETCITTY,

    Plaintiff,

v.                                                                                  Civ. No. 09-cv-641 MCA/RHS

FNU GLANTON,
Lt. Corrections Officer,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant's Motion to Dismiss Pursuant to Order Regarding Exhaustion of Administrative Remedies and Memorandum in Support filed May 30, 2013 (Docs. 30, 31). The Court having reviewed Defendant's Motion, the record, the relevant law, and being otherwise fully advised, recommends that Defendant's Motion to Dismiss be GRANTED and Plaintiff's Complaint dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was incarcerated in at the Lea County Correctional Facility located in Hobbs, New Mexico (Doc. 1) until August 2009. On June 29, 2009, he filed a *pro se* c Civil Rights Complaint Pursuant To 42 U.S.C. § 1983 in the United States District Court (Doc. 1) alleging incidents that took place on May 19, 2007 in violation of his civil rights. Plaintiff contends that his First Amendment rights were violated when Lt. Glanton, a female correctional officer, allegedly caused a religious ceremony to be interrupted and then observed Plaintiff being strip searched by subordinate male correctional officers. Id. Plaintiff seeks compensation for violation of his civil rights. Id. at 6.

On July 20, 2010, Defendant filed her Answer and asserted certain affirmative defenses including failure to exhaust administrative remedies (Doc. 18 at 4).  On May 4, 2011, the Court filed the Order to Cure Deficiency (Doc. 20) for failure to make payments on the filing fee as previously ordered by the Court.  Plaintiff failed to respond to the Order and the Court filed the Final Order of Dismissal Without Prejudice on June 30, 2011 (Doc. 20).  Plaintiff moved for the reopening of his case on December 21, 2011 which was granted by the Court on February 27, 2012 (Doc. 24).  On April 29, 2013, the Court filed an Order Regarding Exhaustion of Administrative Remedies (Doc. 29), directing Defendant to file a brief addressing whether Plaintiff complied with the Prison Litigation Reform Act's exhaustion requirement.  On May 30, 2013, Defendant filed her Motion to Dismiss arguing that Plaintiff failed to exhaust administrative remedies (Doc. 31).  Plaintiff has not filed a response to the Motion to Dismiss.

## LEGAL STANDARD AND ANALYSIS

The exhaustion requirement of the Prison Litigation Reform Act of 1995, 42 U.S.C. 1997e *et seq.* provides that:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007); see also, Griffin v. Romero, 399 Fed.Appx. 349, 350 (10th Cir. 2010) (citing Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)).  This includes actions seeking monetary damages that could not be granted by the administrative process. Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382-83 (2006).

In order to satisfy the exhaustion requirements of the PLRA, an inmate must not only initiate a grievance in the proper fashion, but must fully complete the entire administrative process. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). This is required even when the procedures seem futile. Id. Whether a prisoner who has been in and out of detention must abide by these exhaustion requirements is a settled question in the Tenth Circuit. "[I]t is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies." Norton v. The City of Marietta, O.K., 432 F.3d 1145, 1150 (10th Cir. 2005). The "administrative exhaustion requirement continues to apply when a prisoner is released while his lawsuit still is pending in federal court." Chase v. Peay, 286 F.Supp.2d 523, 527 (D. Md., 2003) (citing Cox v. Mayer, 332 F.3d 422, 425 (6 Cir. 2003); Ahmed v. Dagovich, 297 F.3d 201, 210 (3rd Cir. 2002); Dixon v. Page, 291 F.3d 485, 488-89 (7th Cir., 2002)).

The New Mexico Corrections Department's Policy CD-150500, Inmate Grievances ("NMCD Policy") (Doc. 31-1 at 2 -21) was in effect at the time of the incident alleged in the Complaint (Doc. 31-1 at 1, Affidavit of Paula Barnes). The policy details the grievance procedure available to inmates at the time Plaintiff was incarcerated (Doc. 31-1 at 2). Plaintiff was subject to the grievance procedure at the time he filed his Complaint.

NMCD Policy CD-150500 requires an inmate to file an informal grievance within five (5) days of the incident to be grieved, followed by a formal grievance filed within twenty (20) of the incident to be grieved (Doc. 31 at 2, Doc. 31-1 at 2-21). The grievance officer has twenty (20) days to investigate and present findings to the Warden. Id. A decision by the Warden must issue within fifteen (15) days of receipt of the findings of the grievance officer. Id. If unsatisfied with the decision, the inmate must appeal to the Secretary within seven (7) calendar days. Id.

Plaintiff did not follow the inmate grievance procedures (Doc 31-1 at 22-23, Affidavit of Larry Phillips). Larry Phillips, APD Corrections Administrator/Grievance Appeals Coordinator for the New Mexico Department of Corrections ("NMCD") attests that he reviewed the appeals log for the NMCD for years 2007 and 2008 and was unable to locate any appeal filed by Plaintiff. Id. In fact, Plaintiff filed his Complaint with this Court a couple of years after the incident and just months prior to his release from Lea County Correctional facility which would be a violation of the New Mexico Corrections Department's grievance procedure. While Plaintiff's Complaint indicates that he "sought informal or formal relief from the appropriate administrative officials" and refers to "page 5 A, B, C, D" (Doc. 1 at 6-10), there are no exhibits attached demonstrating that any grievance(s) were filed. Attached to Plaintiff's Complaint, as an exhibit, is a copy of an Inmate Misconduct Report and a Disciplinary Decision (Doc. 1 at 7-8). Plaintiff did not include any copies of any grievances, informal or formal, that were filed with the New Mexico Corrections Department.

Therefore, the Court concludes that Plaintiff failed to exhaust his administrative remedies and recommends that Plaintiff's Complaint be dismissed with prejudice.

## RECOMMENDATION

The Court concludes that Plaintiff is not entitled to any relief with respect to the claims raised in his 42 U.S.C. § 1983 Complaint. Therefore, the Court recommends that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1) be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE